IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:09-CV-18-BO

| | | |
|---|---|---|
| VERONICA MICHAUX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) ) | |

This matter is before the Court on the parties' Cross-Motions for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, the decision of the Commissioner is AFFIRMED.

INTRODUCTION

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her claims for Disability Insurance Benefits. Plaintiff applied for benefits on August 11, 2005, alleging an onset date of June 28, 2005. Her claim was denied initially and on reconsideration. She then requested a hearing before an Administrative Law Judge ("ALJ"). ALJ O. Price Dodson heard the case on February 6, 2007, and denied benefits. The Appeals Council declined to review the ALJ's decision.

Plaintiff thereafter filed this Complaint challenging the Commissioner's unfavorable decision. Plaintiff filed a Motion for Judgment on the Pleadings on October 28, 2009. The Commissioner filed a Motion for Judgment on the Pleadings on January 22, 2010. A hearing on

the cross-motions was held in Elizabeth City, North Carolina, on April 21, 2010. These motions are now ripe for ruling.

## DISCUSSION

Pursuant to the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the Commissioner's decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales,* 402 U.S. 389, 401 (1971).

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be performing a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment, which significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work. *Id.* Fifth, if a claimant cannot do past relevant work, he or she is disabled if an impairment prevents the claimant from doing other work. *Id.*

Plaintiff argues that the ALJ erred in determining her residual functional capacity ("RFC"). The ALJ found that Plaintiff is able to lift and carry up to 20 pounds occasionally and 10 pounds frequently, with no repetitive lifting with her right arm/shoulder, with unlimited ability to stand and walk, and with an ability to sit at least six hours out of eight, and carry out simple instructions and tasks on a sustained basis.

-2-

Case 2:09-cv-00018-BO   Document 24   Filed 06/07/10   Page 2 of 4

The ALJ's finding was supported by substantial evidence. Dr. Caviness, a state agency physician, found that Plaintiff could lift up to 20 pounds occasionally and 10 pounds frequently with no overhead reaching with her right arm and frequently handle or finger with her right hand. Dr. Drummond issued a similar assessment. Plaintiff's treating physician, Dr. Iglecia, does not contradict these assessments.

The ALJ's findings with respect to Plaintiff's mental capacity were also supported by substantial evidence. Dr. Jerome Albert, Ph.D., noted that Plaintiff could understand, retain, and follow simple instructions. Plaintiff argues that Dr. W.W. Albertson, Ph.D., indicates that Plaintiff would have difficulty with workplace social interaction and stress. But Dr. Albertson also found that Plaintiff could understand and remember simple instructions, maintain attention to complete routine tasks for 2 hours at a non-production pace, accept direction from a supervisor, maintain adequate relationships with co-workers, and will be able to function with a stable work assignment. And the ALJ found also found that any difficulties would be minimal based on Plaintiff's testimony that she attends church, visits relatives, and shops. And Dr. Albert only indicated that Plaintiff may have difficult getting along with co-workers.

Based on this RFC determination, the ALJ concluded that Plaintiff could return to her past relevant work as a flagger. At the hearing before the ALJ, a Vocational Expert ("VE") testified that Plaintiff's past relevant work as a flagger was unskilled and light. Plaintiff asserts that the limitations on her right arm preclude work as a flagger. But Plaintiff's left arm is unimpaired; the Dictionary of Occupational Titles ("DOT") does not specify that any reaching must be done with Plaintiff's right arm; and the DOT does not specify that the reaching requirement is overhead reaching. Therefore, the ALJ's determination that Plaintiff could return

to her past relevant work was also supported by substantial evidence.

## CONCLUSION

In sum, the ALJ's opinion was supported by substantial evidence. Therefore, Plaintiff's Motion for Judgment on the Pleadings is DENIED; Defendant's Motion for Judgment on the Pleadings is GRANTED; and the Commissioner's decision is AFFIRMED.

SO ORDERED, this _6_ day of June, 2010.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE